# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1491V
UNPUBLISHED

| | |
|---|---|
| BRIAN OBERSCHMID and HEATHER OBERSCHMID, as parents and natural guardians of minor child, J.O., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: April 30, 2020 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Kate Gerayne Westad*, SiebenCarey, Minneapolis, MN, for petitioner.

*Laurie Wiesner*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING DAMAGES**[1]

On September 26, 2019, Brian and Heather Oberschmid filed a petition for compensation, on behalf of their minor child, J.O., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that J.O. suffered Guillain-Barré Syndrome ("GBS"), which meets the Table definition for GBS, after receiving the influenza vaccination on September 27, 2016. Petition at 1, ¶¶ 1, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 18, 2020, a ruling on entitlement was issued, finding Petitioners entitled to compensation for J.O.'s GBS. On April 30, 2020, Respondent filed a proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on award of compensation ("Proffer") indicating Petitioners should be awarded compensation in the amount of $434.00 for future unreimburseable expenses, in the amount of $8,616.40 for past unreimburseable expenses, and an amount sufficient to purchase the annuity described in II.C. for pain and suffering. Proffer at 2-3.  In the Proffer, Respondent represented that Petitioners agree with the proffered award.  *Id.* at 2-4. Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

A. **A lump sum in the amount of $<u>434.00</u>, representing compensation for projected unreimburseable expenses, in the form of a check payable to Petitioners as legal representatives of J.O.;**

B. **A lump sum in the amount of $<u>8,616.40</u>, representing compensation for actual unreimbursable expenses, in the form of a check payable to Petitioners; and**

C. **A lump sum sufficient to purchase the annuity contract described in Section II.C of the Proffer, representing compensation for pain and suffering.**

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRIAN OBERSCHMID and HEATHER OBERSCHMID, as Parents and Natural Guardians of Minor Child, J.O., ) ) ) ) ) | |
| Petitioners, ) | No. 19-1491V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I. Procedural History**

On September 26, 2019, petitioners filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended. Petitioners allege that J.O. suffered "problems and limitations related to Guillain-Barré Syndrome" ("GBS") which was caused by an influenza ("flu") vaccination J.O. received on September 27, 2016. *See* Petition ("Pet.") at ¶1-4. On February 13, 2020, respondent filed his Vaccine Rule 4(c) Report, conceding that J.O.'s alleged injury meets the Table criteria for GBS and that petitioners have satisfied all legal prerequisites for compensation under the Act. On February 18, 2020, the Chief Special Master issued a ruling on entitlement, finding that in view of respondent's position and evidence of record, petitioners were entitled to compensation.

1

## II.   Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

### A.   Future Unreimbursable Expenses

Evidence supplied by petitioners supports an award for limited projected medical expenses related to J.O.'s vaccine-related injury. Respondent proffers that petitioners be awarded unreimbursable expenses in the lump sum amount of $434.00, in the form of a check payable to petitioners as the legal representatives of J.O. Petitioners agree.

### B.   Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to J.O.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the lump sum amount of $8,616.40, in the form of a check payable to petitioners. Petitioners agree.

### C.   Past Pain and Suffering

For past pain and suffering, respondent proffers an amount sufficient to purchase an annuity contract, paid to the life insurance company from which the annuity will be purchased

---

[1] Should J.O. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

(the "Life Insurance Company"),[2] for the benefit of J.O., pursuant to which the Life Insurance Company will agree to make payments to J.O. as follows:

Beginning August 8, 2033, $24,548.60 payable annually for six years certain.

The payments provided for in this section II. C. above shall be made as set forth herein. Should J.O. predecease any of the certain payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of J.O.'s death.

The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Proffer. The parties agree that upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

---

[2] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. Moreover, the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

Petitioners authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

The compensation described above in Sections A., B., and C. represents all elements of compensation to which petitioners are entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[3]

### III. Summary of Recommended Payments Following Judgment

| | | |
|---|---|---|
| A. | Lump sum to petitioners as legal representatives of J.O. (for future unreimbursable expenses): | **$ 434.00** |
| B. | Lump sum to petitioners (for past unreimbursable expenses): | **$8,616.40** |
| C. | An amount sufficient to purchase the annuity contract described above in section II. C. | |

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[3] At the time the annuity payments will be received, J.O. will be an adult, and thus guardianship is not required.

                    <u>/s/Laurie Wiesner</u>
                    LAURIE WIESNER
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington, D.C. 20044-0146
                    Tel: (202) 305-0253
                    laurie.wiesner@usdoj.gov

Dated: April 30, 2020