**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1491V
(not to be published)

| | |
|---|---|
| BRIAN OBERSCHMID and HEATHER OBERSCHMID, as parents and natural guardians of minor child, J.O., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: September 9, 2020 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kate Gerayne Westad*, SiebenCarey, Minneapolis, MN, for Petitioner.

*Laurie Wiesner*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On September 26, 2019, Brian and Heather Oberschmid filed a petition for compensation, on behalf of their minor child, J.O., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners alleged that J.O. suffered Guillain-Barré Syndrome, which meets the Table definition for GBS, after receiving the influenza vaccination on September 27, 2016. (Petition at 1, ¶¶

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1, 12). On April 30, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 25).

Petitioner has now filed a motion for attorney's fees and costs, dated August 13, 2020, (ECF No. 30.), requesting a total award of $29,509.05, (representing $11,149.11 in fees and costs incurred by counsel's former firm, Larkin Hoffman Law Firm and $18,359.94 in fees and costs incurred by counsel's current firm, Sieben Carey.). In accordance with General Order #9, Petitioner filed a signed statement indicating that out-of-pocket expenses were not incurred. (ECF No. 31). Respondent reacted to the motion on August 27, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 32). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). **Accordingly, Petitioner is awarded the total amount of $29,509.05[3] as follows:**

- **A lump sum of $11,149.11, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Larkin Hoffman Law Firm and;**

- **A lump sum of $18,359.94, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and SiebenCarey.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master